ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 5 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| NITHYA VINAYAGAM, an individual, ) ) ) Plaintiff, ) ) vs. ) ) CRONOUS SOLUTIONS INC., ) a Delaware corporation; EIS ) TECHNOLOGIES, a Georgia ) corporation; SWAPNA PASHAM, ) an individual; KIRAN PASHAM, ) an individual; NAVEEN ) MIGLANI, an individual; and ) DOES 1-25, inclusive, ) ) Defendants. ) ) | CIVIL ACTION FILE<br><br>NO. 1:10-CV-1836 -MHS |

## COMPLAINT

Plaintiff, NITHYA VINAYAGAM, an individual, (hereinafter referred to as "VINAYAGAM" or "Plaintiff"), hereby alleges as follows:

### PARTIES

1. Plaintiff NITHYA VINAYAGAM is and has been employed as a Senior Consultant/ Program Analyst with CRONOUS and IES, software development and professional services companies.

2. Defendant CRONOUS SOLUTIONS INC. (hereinafter referred to as "CRONOUS") is a corporation organized under the laws of the State of Delaware, doing business internationally. CRONOUS is a software development and professional services company.

3. Defendant EIS TECHNOLOGIES INC. (hereinafter referred to as "EIS") is a corporation organized under the laws of the State of Georgia, doing business internationally. EIS is a software development and professional services company.

4. Defendant SWAPNA PASHAM (hereinafter referred to as "S. PASHAM") is an individual and is an owner and principle in EIS and CRONOUS.

5. Defendant KIRAN PASHAM (hereinafter referred to as "K. PASHAM") is an individual and is an owner and principle in EIS and CRONOUS.

6. Defendant NAVEEN MIGLANI (hereinafter referred to as "MIGLANI") is an individual and is an owner and principle in EIS and CRONOUS.

7. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise of the defendants sued herein as Does 1-25, inclusive and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named

Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the conduct of the aforementioned Defendants.

8. Plaintiff is informed and believes and therefore alleges that at all relevant times each of the Defendants was the agent and/or principal of the other and acted within the course and scope of such agency or employment. Plaintiff is informed and believes and thereon alleges that each and every wrongful act by Defendants complained of herein was done with the approval, express or implied, of each of the other Defendants, and each Defendant has ratified and approved the acts and omissions of each of the others.

## COMMON ALLEGATIONS

9. CRONOUS and EIS employed VINAYAGAM, a citizen of India, as a Senior Consultant/Programmer Analyst from October 1, 2007 through the present under an H1B visa.

10. CRONOUS and EIS were obligated to pay VINAYAGAM, pursuant to her contract of employment and H1B Visa, approximately $57,000.00 per year plus health benefits, vacation benefits, retirement benefits, and the necessary Visas to maintain employment in the United States.

11. CRONOUS and EIS applied for and obtained an H1B Visa on

VINAYAGAM'S behalf which stated that she would be employed with CRONOUS from October 1, 2007 through September 28, 2010.

12. During VINAYAGAM's employment, CRONOUS and EIS made attempts to place her in various companies on a national scale.

13. CRONOUS and EIS paid VINAYAGAM only $17,556.00 during her employment.

14. CRONOUS and EIS were required by law, pursuant to VINAYAGAM's H1B Visa to pay VINAYAGAM wages at the rate of $57,000.00 per year through the expiration of her H1B Visa.

15. Upon information and belief, as of the present date, CRONOUS and EIS continue to owe VINAYAGAM approximately $150,172.55 in unpaid wages which continued to accrue at the rate of $1,096.15 per week through the original expiration of her H1B application.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

### (As to Defendant CRONOUS, Defendant EIS, and DOES 1-25)

16. The allegations set forth in all preceding paragraphs of the Complaint are re-alleged and incorporated herein by reference.

17. As alleged above, at various times during Plaintiff's employment the

actual rate of compensation paid by CRONOUS and EIS to VINAYAGAM fell below the then-applicable Federal minimum wage rate.

18. As of the date of this complaint, VINAYAGAM has performed all of the acts required to be performed on her part to receive said wages.

19. As a legal and proximate result of Defendants' failure to pay the statutory minimum wage, Plaintiff is entitled to liquidated damages in the amount of $150,172.55 to date and continuing to accrue at the rate of $1,096.15 per week as of as well as interest on and reasonable attorneys' fees and costs in an amount.

20. Plaintiff therefore prays for relief as set forth below.

## SECOND CAUSE OF ACTION

## PROMISSORY FRAUD

### (As to Defendant CRONOUS, Defendant EIS, and DOES 1-25)

21. The allegations set forth in all preceding paragraphs of the Complaint are re-alleged and incorporated herein by reference.

22. As alleged above, CRONOUS and EIS promised VINAYAGAM that CRONOUS and EIS would employ VINAYAGAM and accordingly pay VINAYAGAM an annual salary of $57,000.00 and various benefits, in return for VINAYAGAM's services as a Senior Consultant/Program Analyst.

23. At the time that CRONOUS and EIS made said promise to

VINAYAGAM, CRONOUS and EIS had no intention of performing it.

24. VINAYAGAM, at the time said promises were made and at the time VINAYAGAM took the actions herein alleged, was ignorant of CRONOUS and EIS's secret intention not to perform and Plaintiff could not, in the exercise of reasonable diligence, have discovered CRONOUS and EIS's secret intention.

25. In reliance on the promises of CRONOUS and EIS, VINAYAGAM to provide Senior Consultant/Program Analyst services to CRONOUS and EIS and was forbore from seeking other employment.

26. If VINAYAGAM had known of the actual intention of CRONOUS and EIS, VINAYAGAM would not have taken such action.

27. CRONOUS and EIS failed to abide by their promises.

28. As a proximate result of the fraudulent conduct of CRONOUS and EIS as herein alleged. VINAYAGAM was induced to expend her time and energy providing Software Engineer services to CRONOUS and EIS, and was induced to forbear from seeking employment with another employer, but has not received the promised compensation for her time and energy, by reason of which VINAYAGAM has been damaged in an amount according to proof.

29. The aforementioned conduct of CRONOUS and EIS was an intentional misrepresentation, deceit, or concealment of a material fact known to

CRONOUS and EIS with the intention on the part of CRONOUS and EIS of thereby depriving VINAYAGAM of property or legal rights or otherwise causing injury, and was despicable conduct that subjected VINAYAGAM to a cruel and unjust hardship in conscious disregard of her, so as to justify an award of exemplary and punitive damages against CRONOUS and EIS.

30.  Plaintiff therefore prays for relief as set forth below.

### THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

### (As to all Defendants)

31.  The allegations set forth in all preceding paragraphs of the Complaint are re-alleged and incorporated herein by reference.

32.  Plaintiff and Defendants CRONOUS and EIS entered into a contract whereby Plaintiff would provide the service of a Senior Consultant/Programmer Analyst for CRONOUS and EIS, and CRONOUS and EIS would provide financial compensation, health benefits and the necessary Visas to maintain employment in the United States. The contract was partly oral, partly written and partly implied by conduct.

33.  Plaintiff has performed all of her obligations under the contract with CRONOUS and EIS.

34. CRONOUS and EIS breached the subject contract by, *inter alia*, refusing to pay Plaintiff the agreed upon salary and denying Plaintiff medical benefits.

35. As a direct and proximate result of CRONOUS and EIS's breach of contract, Plaintiff has suffered lost wages, including $150,172.55 to date and continuing to accrue at the rate of $1,096.15 per week for wages unpaid through the expiration of her H1B Visa, compensation for health benefits, amounts unlawfully withheld from her pay, and interest.

36. Plaintiff therefore prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

## RETALIATION

### (As to Defendant CRONOUS, Defendant EIS, and DOES 1-25)

37. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

38. 20 C.F.R. §655.801 makes it unlawful for an employer to retaliate against an employee who complains of wage or immigration violations.

39. Retaliation includes any attempt to "intimidate, threaten, restrain, coerce, blacklist, discharge, or in any other manner discriminate against." 20 C.F.R. §655.801.

40. By their acts and omissions alleged above, Defendants retaliated against Plaintiff, and otherwise adversely affected her status as an employee on the basis of Plaintiff's complaint regarding her wages.

41. As a direct and foreseeable result of Defendants attempting to terminate her employment, Plaintiff has suffered, and will continue to suffer, generally physical, mental and psychological damages in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish and emotional distress, all to her damage in amounts within the jurisdictional limits of this Court, to be proved at trial.

42. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, compensation, employment benefits, career path opportunities, and expenses in amounts to be proved at trial.

43. On information and belief, the person(s) who committed the unlawful acts described herein was an (or were) officer(s), director(s) and/or managing agent(s) of Defendants and was or were acting within the scope of his, her or their employment.

44. The conduct of Defendants as alleged above, was malicious, fraudulent, despicable, and oppressive and was done with the wrongful intent of

injuring Plaintiff, thereby entitling Plaintiff to an award of punitive damages in amounts to be proved at trial.

45.  Plaintiff prays judgment against Defendants as set forth below.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY WAGES PURSUANT TO THE FAIR LABOR STANDARD ACT

### (As to all Defendants)

46.  The allegations set forth in all preceding paragraphs of the Complaint are re-alleged and incorporated herein by reference.

47.  At all times herein mentioned, the Fair Labor Standards Act, 29 USC §206 *et seq* were in full force and effect and bound CRONOUS and EIS.

48.  Fair Labor Standards Act §206 *et seq.* required CRONOUS and EIS to pay Plaintiff all wages when due.

49.  CRONOUS and EIS have willfully refused to pay Plaintiff any wages.

50.  As a legal and proximate result of Defendants' breaches of the Fair Labor Standards Act, Plaintiff is entitled to any still unpaid statutory wages, which total $150,172.55 to date and continues to accrue at the rate of $1,096.15 through the expiration of her H1B Visa, interest and reasonable attorneys' fees and costs.

51.  Plaintiff therefore prays for relief as set forth below.

## SIXTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS

## (As to Defendant CRONOUS, Defendant EIS and DOES 1-25)

52. The allegations set forth in all preceding paragraphs of the Complaint are re-alleged and incorporated herein by reference.

53. CRONOUS and EIS violated 20 CFR 655.731(a) &(c)(10) and 29 CFR sections 531.3 *et seq* prohibits employers from using self-help deductions.

54. CRONOUS and EIS violated these sections by making deductions from VINAYAGAM's wages for her H1B application and related expenses.

55. As a legal and proximate result of Defendants' actions, Plaintiff is entitled to any the value of these unlawful deductions, which total $3,000.00 as well as interest, reasonable attorneys' fees and costs.

56. Plaintiff therefore prays for relief as set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) An award of special damages in amounts within the jurisdictional limits of this Court, including back pay and front pay in the amount of $150,172.55 to date and continuing to accrue at the rate of $1,096.15 per week, health benefits in the amount of $4,500.00, unlawful deductions in the amount of $3,000.00;

2) An award of general damages in amount of $500,000.00;

3) For an award of interest, including prejudgment interest currently in the amount of $6,000.00 and continuing to accrue, at the legal rate of 10% per annum;

4) An award of punitive damages;

5) An award of Attorney fees provided by, *inter alia*, 29 USC 216(b);

6) An award of litigation costs;

7) For such other and further relief as the Court deems proper.

Thomas J. Mihill, Esq.
GBN: 001363
THE ADAMS LAW OFFICES, LLC
34 Old Ivy Road, N.E., Suite 150
Atlanta, Georgia 30342
(404) 467-8611 – Phone
(404) 467-8609 – Facsimile
tjmihill@aloattorneys.com
Attorneys for Plaintiff