Andrew F. Pierce (SB #101889)
Scott A. Berman (SB #191460)
Jacquetta M. Lannan (SB #247811)
PIERCE & SHEARER LLP
2200 Geng Road, Suite 230
Palo Alto, CA 94303
Phone: (650) 843-1900
Fax:   (650) 843-1999

Attorneys for Plaintiff
NITHYA VINAYAGAM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NITHYA VINAYAGAM, an individual,<br><br>Plaintiff<br><br>vs.<br><br>CRONOUS SOLUTIONS INC., a Delaware Corporation; EIS TECHNOLOGIES, , a Georgia Corporation, SWAPNA PASHAM, an individual, KIRAN PASHAM, an individual, NAVEEN MIGLANI, an individual and DOES 1-25, inclusive,<br><br>Defendants.<br>_____ | Case No. 1:10-cv-1836-mhs<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO** |

1

## I. INTRODUCTION

Defendant brings this motion prematurely, as there is no binding settlement. This is because 1) the settlement agreement has not been signed by any party, 2) the settlement terms have not been agreed about, including which defendants to include in the settlement and 3) Plaintiff learned that she cannot follow-though with the proposed terms of the agreement.

## II. FACTS

The parties discussed settlement over the course of several days from May 2 through May 4, 2010. Plaintiff requested that the agreement be signed that day in order to create a binding agreement. Lannan Declaration, Para Plaintiff's understanding was that signatures were required for the agreement to be final. Lannan Declaration, Para. 5.

The parties agreed that Defendant would pay a sum of $45,000.00 and dismiss its claims against Plaintiff who would in exchange dismiss her claims against Defendants Cronous Solutions and Swapna Pasham from both the U.S. District Court and the Department of Labor. Lannan Declaration, Para 6. She also agreed to release the former defendants Kiram Pasham and Naveen Maglani, and potential defendant Vikrim Sudini. Lannan Declaration, Para 5-7.

On May 5, 2010, Defendant Cronous asked to add to additional parties to the agreement, including Neelam Maglani and Kowsala Rajendar. Lannan Declaration, Para. 8. At about the same time, Plaintiff learned that her case with the Department of Labor was no longer waiting for an investigator, but rather had been assigned an investigator named Roy Northcott, and he was in the process of investigating her claims against Cronous as well as EIS.

Plaintiff inquired as to whether her claims could be dismissed with the Department of Labor once the investigation was underway, and learned that once the investigation had

commenced that Plaintiff could not stop the department from continuing with their investigator or decision. Lannan Declaration, Para 11.

   III. LEGAL ARGUMENT

A. <u>The parties have not reached a final agreement.</u>

We agree that the court has the "inherent power to summarily enforce a settlement agreement entered into by the parties litigant in a pending case." *Ford v. Citizens & Southern National Bank* 928F.2d 1118 (1991). However, the court should only do so when a settlement agreement is final. The defendants agree that the agreement is forced "unless the parties clearly failed to reach an agreement on an essential contract term." *Surkin v. AAF-McQuay, Inc.* 284 Ga.App. 49 (2007)

Here, a number of facts indicate that the agreement has not been finalized. First, the agreement had not been signed. To date, not a single party, either defendant or plaintiff, has signed the agreement. As discussed on May 4, 2010, signing the agreement was understood to make it binding. The parties have not signed because they have not agreed on the terms and/or cannot agree to the terms as written.

While there may be circumstances where a signature is not necessary to finalize an agreement, the parties had exchanged communication which would indicate that the parties understood signatures would be required for the agreement to be binding.

The agreement itself indicates that signatures are required for the agreement to be binding. It states in section 7 that "Each signatory, below, warrants and affirms that he has the authority to sign and enter into this agreement on behalf of each party." Further it states in section 9 that "This Agreement may be signed in counterparts, all of which together shall

3

constitute a single Agreement." These statements suggest that the signatures would be required before the agreement was finalized.

This matter can be distinguished from the *Speed* case cited by defendants. In that matter, the plaintiff wrote a letter to the defendant doctor saying that if the doctor submitted to a deposition, he would not be subjected to any kind of malpractice action. *Speed v. Muhannah*, 274 Ga. App. 899 (2000). The doctor lived up to his part of the bargain; he allowed the plaintiff to take his deposition. Only then did the court hold that the letter was "a complete and enforceable agreement." 274 Ga. App. at 904-905.

Here, the Defendant Cronous has not acted on their part of the bargain. They have neither dismissed their claims against Plaintiff, nor have they sent the settlement funds by May 10, 2010 as required in the settlement agreement. See Lannan Declaration, Exhibit A, Page 2, Section 2. Because Defendant has not relied or acted on the alleged settlement, Plaintiff should not be required to do so either.

Secondly, the parties have not agreed on all of the terms of the agreement. The defendants have added additional terms to which the Plaintiff has not agreed, including the inclusion of Neelman Miglani as part of the settlement. To date, Plaintiff has not agreed to include Ms. Miglani as part of the settlement.

Thirdly, the Plaintiff cannot consent to the agreement because she has learned that she cannot fulfill the requirements of the contract, namely the dismissal of her claims with the Department of Labor. Between the time of drafting and signing the agreement, Plaintiff learned that she is unable to dismiss her claims with the Department of Labor. Once the Department of Labor assigns a case to an investigator for investigation, a plaintiff cannot simply dismiss and stop the investigation. On May 4, 2010, Plaintiff believed that her case was still in the queue, but

4

learned several days later that her case was in fact being investigated. Now that Plaintiff cannot dismiss her claims, she cannot agree to the settlement agreement as it is written.

B.  <u>Alternatively, the Court should modify the agreement due to Impossiblity.</u>

If the court finds that an agreement has been made between the parties, it should nevertheless find the performance excused due to impossibility and/or modify the agreement to remove the clauses which require Plaintiff to dismiss her claims with the Department of Labor. Georgia law recognizes that where performance is conditioned on the discretionary act of a third party, who refuses or is unable to act, the court can conclude that there is an impossibility of performance.  *See Roane v. Sophisticated Data Research, Inc.* 259 Ga. 410 (1989).

Here, the Plaintiff learned that she is unable to dismiss her claims with the Department of Labor.  Given that she has no discretion over whether the department continues with its investigation, the Court could modify the settlement and strike the sections which Plaintiff is unable to perform, namely dismissing her claims with the Department of Labor.

IV. CONCLUSION

We respectfully request that the Court deny Defendant's motion to Enforce Settlement, or in the alternative modify the agreement to strike the clauses of the settlement which Plaintiff is unable to perform.

                                                                     PIERCE & SHEARER, LLP

Dated: May 26, 2011                        By: /S/ Jacquetta M. Lannan
                                                          Jacquetta M. Lannan
                                                          California Bar No. 247811
                                                          Attorney for Plaintiff
                                                          NITHYA VINAYAGAM
                                                          PIERCE & SHEARER LLP
                                                          2200 Geng Road, Suite 230
                                                          Palo Alto, CA  94303
                                                          Email:  jacquetta@pierceshearer.com
                                                          Phone:  (650) 843-1900
                                                          Fax:     (650) 843-1999

# **CERTIFICATE OF SERVICE**

I, _____, hereby certify that:

I am employed in the County of Santa Clara, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. My business address is 2200 Geng Road, Suite 230, Palo Alto, California 94303.

*On the date set forth below I served a true and correct copy of:*

- (X) (BY ELECTRONIC FILING) – by electronically filing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the party(ies) indicated below.

- ( ) (BY U.S. MAIL) -by placing such copy in a sealed envelope postage thereon fully prepaid, in the United States Postal Service for collection and mailing this day in accordance with ordinary business practices at PIERCE & SHEARER LLP to the party(ies) indicated below.

- ( ) (BY PERSONAL) - by hand delivery on the date set forth below to the indicated party(ies).

- ( ) (BY FACSIMILE) by transmitting via facsimile from facsimile number (650) 843-1999 the documents(s) listed above to the fax number(s) set forth below on this date.

- ( ) (BY OVERNIGHT DELIVERY) by delivering to an express mail service for guaranteed next day delivery to the party(ies) indicated below.

I served the above document(s) on the following person(s):

| | |
|---|---|
| David M. Lilenfeld, Esq.<br>Lilenfeld, PC<br>2964 Peachtree Road N.W.<br>Suite 720<br>Atlanta, GA 30305<br>Telephone: (404) 201-2520<br>Facsimile: (404) 393-9710<br>david@lilenfeldpc.com | Thomas J. Mihill, Esq.<br>The Adams Law Offices, LLC<br>Building 7-203<br>3525 Piedmont Road, NE<br>Atlanta, GA 30305<br>Telephone: (404) 467-8611<br>Facsimile: (404) 467-8609<br>tjmihill@aloattorneys.com |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Palo Alto, California on May 26, 2011.

_____